WILL OF RUGGLES: ROSE, Appellant, vs. RUGGLES, Trustee, Respondent.

*December 18, 1908—January 5, 1909.*

*Wills: Construction: Advancements.*

Testator gave to trustees the residue of his estate to be divided into as many equal shares or portions as he had children (there were two), and directed that there should be paid to a daughter, within one year after the probate of his will, one fourth of her share, and otherwise directed as to the disposition of the residue of her share. The will also provided that any advancements to his children "shall be added to and deemed a part of my estate in this will bequeathed and devised in trust," and that "in the division of said estate into shares, as hereinbefore provided, the [advancements] shall be deducted from the share of the child or children against whom such charges or charge shall be made." *Held:*

(1) The bequest to the trustees being of money and property belonging to the deceased at the time of his death, advance-

ments made by the testator did not come to the trustees, since such advancements were not such property as belonged to the testator at the time of his death.

(2) The conception and intent of the language of the will was merely to direct such method of computation as that the proportioning of the actual property held by the trustees between the children should give to the one receiving less advances a proportionate superiority over the other child.

(3) The words used aptly expressed an intention that, as preliminary to the action of the trustees, the one-half of the estate attributable to the daughter should be ascertained by dividing the estate plus the advancement by two, one half for each child, and that the amount of the advancement to her should be deducted from the same one-half share, and the remainder pass to the trustees to be managed and divided by them in the proportions prescribed by the will.

TIMLIN, J., dissents.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Petition by the executor for construction of certain clauses in the will of Augustus G. Ruggles, deceased. The will, after making several bequests, provided by its fifth paragraph as follows:

"I give, bequeath and devise unto said George D. Ruggles, James B. Perry and said Anna Ruggles Peck, and the survivors and survivor of them and their successors, all the rest, residue and remainder of my property, whether real, personal or mixed, and wherever situated, in trust, nevertheless, to and for the uses and purposes following, that is to say: To convert the same into money, stocks or other securities, and divide them into as many equal shares or portions as there shall be living of children born to me, including any child or children begotten by me and born after my decease, to be held in trust by them, one share for each such child, and dispose of them as follows, to wit: Pay to my daughter *Gertrude Colden Ruggles Rose,* within one year after the proof and allowance of this my will, or as soon thereafter as practicable, one fourth of her share or portion, retaining the residue thereof, and investing and keeping invested the same in such manner as to them, the survivors and survivor of them

and their successors shall best seem, and pay to my said
daughter the interest and income derived therefrom until she
shall attain the age of fifty years, if she shall live so long, at
which time they shall pay to her one third of said residue, re-
taining the remaining two thirds of such residue, and pay to
her during her natural life all interest and income derived
therefrom quarterly, or as near quarterly as practicable; and
from and after her death, without issue her surviving, such
residue to go to my heirs at law who may be living at that
time; provided that if my said daughter shall survive her
husband, H. H. Rose, my said trustees are hereby authorized
and empowered to pay to her, should she desire, as soon after
the death of said H. H. Rose as practicable, one half of said
two-thirds residue, and the income of the remaining one half
thereof during her natural life, the principal of which after
her death, without issue her surviving, shall go to my heirs
at law then living.    To invest and keep invested the share or
portion set apart for my son *Augustus G. Ruggles,* and during
his minority, pay over to his guardian from time to time as
said guardian may require, the income derived therefrom,
and said guardian is hereby authorized and requested to use
the same, or so much thereof as in his judgment may be neces-
sary for the support, maintenance and education of my said
son until he attains the age of twenty-one years, at which time
there shall be paid to my said son one fourth of said share or
portion, and the income from the residue thereof until he
attains the age of twenty-five years, at which time he shall
receive from said trustees another one fourth or one third of
said residue, and the income from the remainder until he at-
tains the age of thirty years, when the remaining portion of
the principal sum of his share shall be paid to him.    Pro-
vided, that if my said son, *Augustus G. Ruggles,* or my
daughter *Gertrude Colden Ruggles Rose* shall die, leaving
no issue, before receiving the full shares or portions herein
provided to be paid to him or her, such shares or portions not
received by him or her, shall go to my heirs at law who shall
be living at the time of his or her death. . . . Provided, that
if any of my said children shall die before receiving his, her
or their share, the portion thereof not received by him, her
or them, shall go to his or her children if any are left surviv-
ing; but if no issue survives, then to my heirs at law who

shall be living at the time.   Provided further, that if prior
to my decease I shall have made any advancements to any of
my children, either of money, stocks, other personal property
or real estate, such advancement shall be added to and deemed
a part of my estate in this my will bequeathed and devised in
trust, for the benefit of my children, at the price of valuation
named in the charge against any such child or children in my
books of account, and in the division of said estate into shares,
as hereinbefore provided, the same shall be deducted from
the share of the child or children against whom such charges
or charge shall be made, at the face of such charge without
interest."

And by a codicil, which recited the proviso of said para--
graph with reference to the payment to *Gertrude* in the event
of her survival of her husband, modified the same in follow-
ing words:

"Provided, that if my said daughter shall survive her hus-
band, H. H. Rose, and live to be fifty years of age, one third
of said two-thirds residue, that is one sixth of the original
amount set apart as her share or portion, may be paid to her
by my said trustees, should she desire it, as soon after the
death of said H. H. Rose as practicable, but not however
until after she is at least fifty years of age, and the income of
the remaining portion of said two-thirds residue, during her
natural life shall be paid to her, and the principal sum of
said two-thirds residue, or so much thereof as shall not be
paid to her as herein provided, shall after her death go to
her issue her surviving, but if she shall die leaving no issue
her surviving, the same shall go to my heirs at law then liv-
ing."

Upon settlement by the executors the residue of the estate
remaining applicable to the fifth paragraph of the will was
$225,600, including an advancement of $8,000 to appellant.
There being but two children, that total was divided into
halves, or $112,800 each, one of said halves pertaining to a
brother of the appellant, and the other to her.   The trustees
paid her $20,200 in money, which was $8,000 less than one
quarter of said one-half.   Later, after attaining the age of

fifty years, she petitioned the county court for construction,. and the county court construed the will as requiring payment to her within one year after testator's death of one quarter of all the property actually coming to the hands of the trustees for her, which he found to be $104,800, and a like sum upon her attaining the age of fifty years, and accordingly ordered that an additional $6,000 be paid her in satisfaction of the second instalment. Upon appeal the circuit court rendered judgment to the effect that the $8,000 of advancement should be treated as constituent part of the share passing to the trustees for the benefit of appellant and should be charged to her as a payment upon the first instalment, so that she should receive nothing additional in money upon that instalment, but should receive $28,200 as her second one-quarter by reason of having reached the age of fifty years. From that portion of the circuit court's judgment *Gertrude Colden Ruggles Rose* brings this appeal.

For the appellant the cause was submitted on the brief of *J. M. Gooding* and *H. H. Rose*.

For the respondent there was a brief by *Doyle & Hardgrove,* and oral argument by *T. L. Doyle*.

DODGE, J. There is usually little gain from discussion of different theories of construction of language used in a will. We have carefully studied the provisions of this will, separately and in their context and correlation with each other, and are persuaded that the intention of the testator was correctly apprehended and executed by the judgment of the county court. Certain considerations leading to and confirming that view may be briefly stated: The bequest to the trustees was of money and property belonging to the deceased at his death. Any advancements were not such property. They did not belong to the testator at the time of his death. They could not come to the trustees. The duties imposed upon the trustees with reference to the property coming to

them under the bequest were such as to be consistent only with actual property which could be sold, converted into interest-bearing securities, and, in the words of the will, paid over, all of which tend to negative a mental conception in the testator of an estate made up of property and of advancements which could not be so handled and disposed of by trustees. We think the conception and intent plain merely to direct such method of computation as that the proportioning of the actual property held by the trustees between the children should give to the one receiving less advances a proportionate superiority over the other child. While the will directs that for purposes of such apportionment the advances should be deemed a portion of the estate, it nowhere declares that they should be deemed a portion of the share of the beneficiary, or that they should be taken in payment *pro tanto* upon such share, but commands that they should be deducted from the aliquot portion of the estate attributable to the advancee upon computation as above described. Had such conception or purpose as is effectuated by the judgment of the circuit court existed, nothing was easier than to express it in words identical with or similar to those used in sec. 3956, Stats. (1898), where it is declared that the advancement "shall be considered as a part of the estate . . . and shall be taken by such child or other descendant toward his share of the estate of the intestate." The will under consideration is couched in apt and legal phrases throughout, evidently prepared by a trained lawyer with much clearness and accuracy of expression. When such a writer directs that, after dividing the estate, including advancements, into halves, the amount of the advancement shall be deducted from one of the halves, there is strong presumption that he meant a different result from that which would be expressed by the phrase "shall be taken by the beneficiary toward her share." We think the words used aptly express the intention that, as preliminary to the action of the trustees, the one-half of the estate

attributable to appellant should be ascertained by dividing the estate plus the advancement by two, one half for each child, and that the amount of advancement to her should be deducted from the same one-half share, and the remainder pass to the trustees to be managed and divided by them in the proportions prescribed by the will.

*By the Court.*—Judgment of the circuit court is reversed, and cause remanded with directions to affirm the judgment of the county court.

TIMLIN, J. (*dissenting*). I think the judgment of the circuit court should be affirmed. The testator, Augustus G. Ruggles, who died November 14, 1887, devised the rest, residue, and remainder of his estate to certain designated trustees in trust to convert the same into money, stocks, or other securities,

"and divide them into as many equal shares or portions as there shall be living of children born to me, including any child or children begotten by me and born after my decease, to be held in trust by them, one share for each such child, and dispose of them as follows, to wit: Pay to my daughter *Gertrude Golden Ruggles Rose,* within one year after the proof and allowance of this my will, or as soon thereafter as practicable, one fourth of her share or portion, retaining the residue thereof and investing and keeping invested the same in such manner as to them, the survivors and survivor of them, and their successors shall best seem, and pay to my said daughter the interest and income derived therefrom until she shall attain the age of fifty years, if she shall live so long, at which time they shall pay to her one third of said residue, retaining the remaining two thirds of such residue, and pay to her during her natural life all interest and income derived therefrom quarterly, or as near quarterly as practicable; and from and after her death, without issue her surviving, such residue to go to my heirs at law who may be living at that time; provided that if my said daughter shall survive her husband, H. H. Rose, my said trustees are hereby authorized and empowered to pay to her, should she desire, as soon after

the death of said H. H. Rose as practicable, one half of said two-thirds residue and the income of the remaining one half thereof during her natural life, the principal of which after her death, without issue her surviving, shall go to my heirs at law then living. *To invest* and keep invested the share or portion set apart for my son *Augustus G. Ruggles,* and during his minority, pay over to his guardian from time to time as said guardian may require, the income derived therefrom, and said guardian is hereby authorized and requested to use the same or so much thereof as in his judgment may be necessary for the support, maintenance and education of my said son until he attains the age of twenty-one years, at which time there shall be paid to my said son one fourth of said share or portion and the income from the residue thereof until he attains the age of twenty-five years, at which time he shall receive from said trustees another one fourth or one third of said residue, and the income from the remainder until he attains the age of thirty years, when the remaining portion of the principal sum of his share shall be paid to him. Provided, that if my said son, *Augustus G. Ruggles,* or my daughter *Gertrude Colden Ruggles Rose* shall die, leaving no issue, before receiving the full shares or portions herein provided to be paid to him or her, such shares or portions not received by him or her shall go to my heirs at law who shall be living at the time of his or her death. And if there shall be any other child or children born to me, the share or shares set apart for him, her or them, shall be invested as hereinbefore provided and so much of the income derived therefrom as he may deem necessary and proper shall be paid from time to time to his, her or their guardian, to be used in his discretion, for the support, maintenance and education of such child or children during his, her or their minority, after which such income shall be paid direct to such child; the principal sum or sums of said shares or share to be disposed of as follows, to wit: One fourth shall be paid to him or her on attaining the age of twenty-one years, one fourth on attaining the age of twenty-five years, and the residue at the age of thirty years. Provided, that if any of my said children shall die before receiving his, her or their share, the portion thereof not received by him, her or them shall go to his or her children if any are left surviving; but if no issue survives, then to my heirs at law who shall be living at the time. Provided fur-

ther, that if prior to my decease I shall have made any advancements to any of my children, either of money, stocks, other personal property or real estate, such advancement shall be added to and deemed a part of my estate in this my will bequeathed and devised in trust, for the benefit of my children, at the price of valuation named in the charge against any such child or children in my books of account, and in the division of said estate into shares, as hereinbefore provided, the same shall be deducted from the share of the child or children against whom such charges or charge shall be made, at the face of such charge without interest."

The testator added a codicil to said will, in which he

"Provided that if my said daughter shall survive her husband, H. H. Rose, and live to be fifty years of age, one third of said two-thirds residue, that is one sixth of the original amount set apart as her share or portion, may be paid to her by my said trustees should she desire it, as soon after the death of said H. H. Rose as practicable, but not however until after she is at least fifty years of age, and the income of the remaining portion of said two-thirds residue during her natural life shall be paid to her, and the principal sum of said two-thirds residue, or so much thereof as shall not be paid to her as herein provided, shall after her death go to her issue her surviving, but if she shall die leaving no issue her surviving, the same shall go to my heirs at law then living."

The testator had entered in his handwriting in his books of account:

"Debtor, *Gertrude Colden Rose née Ruggles* January 27th, 1886.    I, A. C. Ruggles, have deeded to *G. C. Rose* the opera house property being the east half of and south twenty-five feet of the west half of lot 14, block 1, Darling addition. The value of which I consider and charge her herewith at $8,000, which sum at my death is to be accounted for and allowed for in her share of my estate as per provisions in my will, but to carry no interest so as to make the final division of my estate proper and just as far as any other heirs may be concerned."

The testator left, him surviving, two children, a residuary estate subject to the trust amounting, including the said ad-

vancement, to $225,600, and, exclusive of the advancement, $217,600. *Gertrude* is now upwards of fifty years of age, and her husband, H. H. Rose, is living. The first payment to *Gertrude* which was absolutely due to her under the will one year after probate was $20,200, computed, as I believe correctly, as follows:

Trust estate ........................................ $217,600 00
Advancement to *Gertrude* added as directed by the will..    8,000 00

Total .......................................... $225,600 00
There being but two children, take one half of this .....  112,800 00

One fourth of this half due *Gertrude* ...................   28,200 00
Less advancement to her .............................    8,000 00

Amount paid *Gertrude* .............................  $20,200 00
Leaving a residue in this half of the trust estate of .....   84,600 00

Her present claim and the opinion of the majority of this court is that this first payment and the remainder should have been computed as follows:

One half of trust estate, including therein the advance-
  ment ......................................... $112,800 00
Less advancement to *Gertrude* ........................    8,000 00

Remainder ....................................... $104,800 00
Of which *Gertrude* should have been paid one fourth, or   26,200 00

Leaving a residue in this half of the trust estate of .....  $78,600 00

Hence that there is in arrears to her from the first payment $6,000. But the language of the will is:

"In the division of said estate into shares as hereinbefore provided the same [the advancement] shall be deducted *from the share of the child* or children *against whom said charge shall be made.*"

The book entry relating to the advancement is:

"To be accounted for and allowed for in *her share* of my estate as per provisions in my will, but to carry no interest so as to make the final division of my estate *proper and just as far as any other heirs may be concerned.*"

It will be observed that by the majority opinion the $8,000 advancement to *Gertrude* is deducted from moneys not by the will belonging to *Gertrude,* but from the whole one half

of the trust estate, in which one half *Gertrude* had by the
will an absolute interest only of one fourth, a further in-
terest of one fourth or one third of the remainder, which
is the same thing, contingent upon her reaching the age of
fifty years, and a further interest of one third of the remain-
ing two fourths or one sixth of this one half of the estate
contingent on her living to be fifty years of age and also
surviving her then husband. This left one third of this one
half to go by the will to the issue of *Gertrude* surviving her,
if any. If none, to the heirs at law of testator living at
the death of *Gertrude* without issue. Taking the figures
heretofore referred to, the construction of the will and codi-
cil declared by the majority of this court leaves the three-
fourths remainder after the first fourth is paid to *Gertrude,*
$78,600, deducting another fourth of the half or one third
of this leaves $52,400, deducting one third of the remainder
or one sixth of the one half would leave $34,934 for the
issue of *Gertrude* or the heirs at law, as the case might
fall out. If *Gertrude* had died after receiving the first pay-
ment and before reaching fifty years of age, nearly the whole
of this advancement to her would come out of the shares of
others; but as it is, if we apply the advancement against the
first and only certain payment to *Gertrude,* we have the re-
maining three fourths of this one half equal to $84,600; de-
ducting another one fourth of the half or one third of this
sum leaves $56,400, and deducting one third of the remain-
der or one sixth of the one half leaves $37,600 for the issue
of *Gertrude* or the heirs at law, as the case may be.

I do not think a construction of the will which results in
deducting part of this advancement from the share of the
issue of *Gertrude* or from the share of the heirs at law per-
missible or proper, or authorized by any language found in
the will. To lawyers familiar with the law of testamentary
trusts as that law was understood at the time this will was
written, it must be apparent that the principal object of the
testator in dividing the trust estate into as many parts or

shares as he left children him surviving was to create as many
separate trusts as there were children, and so conform to the
New York rule stated in 22 Am. & Eng. Ency. of Law
(2d ed.) 718, 719, and avoid the objection that the power of
alienation was by the trust suspended for more than two
lives in being in case there were more than two children.
In all wills disposing of large estates and creating trusts,
there is, as a general rule, a lawyer to counsel the manner of
disposition in detail and to draft the will so as to conform
to what he understands to be the law. It does not follow
that, because a trust estate is divided into as many shares as
there are children, the testator intended such larger division
where he speaks of the share of a certain child, especially
where the will only gives the designated child a fraction of
such part or share and the income of the remainder of that
share. To the testator and for the purpose of offsetting an
advancement provided for in the will, the share of that child
must be, I think, the share which such child is to actually re-
ceive. Secs. 3956–3961, Stats. (1898); 1 Am. & Eng. Ency.
of Law (2d ed.) 760 *et seq.* The fact that the advancement
is one provided for by will of course throws us back upon the
inquiry what was the testator's intention; but facts, circum-
stances, and results are more potently indicative of intention
than mere doubtful phrases, which may also well bear the
reasonable meaning here attributed to them. I have no
doubt that the true rule of law will be found to be that ad-
vancements to a devisee or legatee recognized by will should
be set off against bequests or legacies absolutely or presently
due to that devisee or legatee, rather than against contingent
requests or legacies to the same devisee or legatee which may
never become due, and that the advancement should always
be set off against bequests due to the person to whom the
advancement was made, rather than against a trust fund or
a portion of a trust fund of which that person has only the
income and the corpus of which belongs to other persons by
the terms of the will.